

**STILLMAN LEGAL, P.C**
www.FightForUrRights.com
42 BROADWAY. 12TH FLOOR. NEW YORK NY 10004

<u>**VIA ECF**</u>
Hon. Anne Shields
United States Magistrate Judge
United States Courthouse
Southern District of NY

June 7, 2020

Your Honor,

  This firm represents Plaintiff Jose Ulises Villatoro ("Plaintiffs") in the above-referenced matter. Plaintiff writes jointly with Defendant to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A. The Confession of Judgment is attached hereto as Exhibit B.

  Consistent with the Court's order, the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum <u>$25,000</u>. Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of <u>$8,333.33 plus costs totaling $840  are</u> appropriate.

  **I. Statement of the Case**

  This is an action for money damages originally brought by Plaintiff Ulises Villatoro.  On <u>January 15, 2020</u> Plaintiff filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed by Defendants as a helper.

  Plaintiff alleges Defendants engaged in FLSA and NYLL violations, including failure to pay his appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).   Defendants deny that Plaintiff worked any overtime and as such he was paid fully.

 In a good faith effort to resolve this case amicably, the parties then negotiated and came to an agreement with regards to an appropriate amount of compensation to settle the wage and hour

claims, including back wages, liquidated damages, and interest, which amounts are set forth in the Agreement.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $25,000 to settle all claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Plaintiff's estimate of his damages if they were fully successful on all of his arguments at trial are $61,470 including liquidated damages and excluding attorney's fees and costs. Of this total amount, $27,260 represents Plaintiffs' actual alleged damages.

The proposed settlement represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses and Defendants' financial situation during the COVID-19 Pandemic.

Plaintiff himself ultimately chose the certainty of an agreed-upon settlement, which also allowed him to avoid the uncertainties of trial.

While the proposed settlement amount is less than what would be the full amount of Plaintiff's recovery if Plaintiff was to successfully prosecute his claims, the settlement amounts are nonetheless fair because of the risk to the Plaintiff that he may not prevail on some or all of his claims given the records Defendants provided.

The total settlement amount of $25,000 will be distributed in accordance with the enclosed Settlement Agreement.

## III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $8,3333.33 from the settlement fund as attorneys' fees. This represents one third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement. Additionally, Plaintiff will pay costs of $840.

We respectfully ask that the Court recognize that Plaintiff's counsel has spent a significant amount of time and resources to advocate for her client and at the same time come to an agreement with Defendants.

The amount provided to Plaintiff' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

   a. Lina F. Stillman is the Managing Attorney of Stillman Legal, P.C, and has been practicing law since 2012. She has practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community need for Spanish Speaking attorneys to care for their interests exclusively. She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the express approval and desire of their clients. Plaintiffs' interests have thus been adequately safeguarded. Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees of Defendants have come forward indicating that they have claims against Defendants, nor would they be prejudiced by dismissal of this lawsuit, in the event that other such employees exist.

In full consideration of all the issues, we believe that the parties' Negotiated Settlement Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Negotiated Settlement Agreement is submitted herewith.

Respectfully submitted,

/s/Lina Stillman
STILLMAN LEGAL, PC
Attorneys for the Plaintiff

Hon. Anne Shields
Eastern District of New York
June 26, 2020
Page 4


Enclosures